# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN
# EAU CLAIRE DIVISION

| | |
|---|---|
| PEGGY L. JOSSUND,<br><br>Plaintiff,<br><br>v.<br><br>COMENITY BANK, EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | CIVIL ACTION<br><br>COMPLAINT 3:19-cv-01063<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** PEGGY L. JOSSUND ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMENITY BANK ("Comenity"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANSUNION LLC ("TransUnion"), and EXPERIAN INFORMATION SOLUTIONS, INC. (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Western District of Wisconsin, Plaintiff resides in the Western District of Wisconsin, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Wisconsin.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in Superior, Wisconsin, which falls within the Western District of Wisconsin.

6. Comenity works "with hundreds of well-known and much-loved companies to offer their customers – customers just like you – credit programs that connect loyal shoppers to the brands they love."

7. Comenity is a Delaware corporation engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

8. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Wisconsin. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

9. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files

to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Wisconsin. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

10. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Wisconsin.

## FACTS SUPPORTING CAUSE OF ACTION

11. Around 2016, Plaintiff obtained a Younkers Department Store credit card serviced by Comenity Bank in order to receive a discount on a purchase ("subject debt").

12. Subsequently, Plaintiff defaulted on the subject debt.

13. Thereafter, Portfolio Recovery Associates, LLC ("PRA") acquired the right to collect upon the subject debt.

14. In October 2018, PRA agreed that it would waive "any and all obligations related to Comenity Bank/Younkers Account Number ending in 1225 ("the Account")" and "request for the deletion of any trade-lines from Peggy Jossund's credit reports."

15. Both Plaintiff and PRA memorialized this agreement in writing.

16. Around the summer of 2019, Plaintiff was interested in improving her credit, so she accessed her consumer report, and much to Plaintiff's surprise, Equifax, TransUnion, and Experian were all continuing to report the Account, along with derogatory information.

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

3

17. Plaintiff was perplexed by this reporting, as she and PRA had explicitly agreed that the subject debt would be waived and the Account would be deleted from her credit history.

18. Consequently, on June 11, 2019, Plaintiff initiated written credit disputes with Equifax, TransUnion, and Experian. Specifically, Plaintiff informed Equifax, TransUnion and Experian that "Comenity Bank/Younkers-Debt has been waived and the balance, scheduled payment amount, payment status, and remarks need to be updated to reflect the same. The balance should be zero, the monthly payment amount should be zero, and the status and remarks should say "Paid-Settled.""

19. Upon information and belief, Comenity received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Equifax TransUnion, and Experian. *See* 15 U.S. Code §1681i(a)(2).

20. On June 24, 2019, Equifax responded by failing to reasonably investigate Plaintiff's credit disputes. Specifically, Equifax stated that its investigation of the disputes is now complete and that the Account was updated. In spite of the fact that the trade line was to be deleted, not only did Equifax continue to report the Account, but Equifax also included its status as a charge off.

21. On June 21, 2019, TransUnion responded by failing to reasonably investigate Plaintiff's credit disputes. Specifically, TransUnion stated that its investigation of the disputes is now complete and that the Account was updated. In spite of the fact that the trade line was to be deleted, not only did TransUnion continue to report the Account, but TransUnion also included the account status as charged off.

22. On June 26, 2019, Experian similarly responded by failing to reasonably investigate Plaintiff's credit disputes. Specifically, Experian stated that its investigation of the disputes is now complete and that the Account was updated. In spite of the fact that the trade line was to be deleted,

4

not only did Experian continue to report the Account, but Experian also included the status of the account as written off.

23. On December 11, 2019, Plaintiff incurred out of pocket costs by purchasing her TransUnion, Equifax, and Experian credit reports from Experian.

24. Much to Plaintiff's chagrin, Plaintiff found that all three credit reporting agency were continuing to inaccurately report the Comenity trade line.

25. Plaintiff's TransUnion report inaccurately showed the Payment Status as "Charged off as bad debt."

26. Plaintiff's Experian report inaccurately showed the Payment Status as "Charge-off."

27. Plaintiff's Equifax report inaccurately showed the Payment Status as "Bad debt & placed for collection & skip."

28. The reporting of the Comentiy trade line is patently inaccurate and materially misleading because pursuant to the written agreement entered into by Plaintiff and PRA, the trade line pertaining to the Account was to be deleted.

29. Despite having actual knowledge that Plaintiff had no obligation on the Account and that the Account was to be deleted from Plaintiff's credit file, Defendants continued to report the Account, along with derogatory information.

30. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

31. The erroneous reporting of the Account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the Account has had a significant adverse impact on

Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and is thus a high-risk consumer.

32. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

33. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of her credit reports through Experian, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

34. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax, TransUnion, and Experian credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST COMENITY)

35. Plaintiff restates and reallages paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

37. Comenity is a "person" as defined by 15 U.S.C. §1681a(b).

38. Comenity is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

39. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

40. Comenity violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, TransUnion, Experian and Plaintiff.

41. Comenity violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, TransUnion, Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

42. Had Comenity reviewed the information provided by Equifax, TransUnion, Experian and Plaintiff, it would have corrected the inaccurate designation of the Account, and transmitted the correct information to TransUnion, Equifax and Experian. Instead, Comenity wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

43. Comenity violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax, TransUnion, and Experian.

44. Comenity violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax, TransUnion and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the Account.

45. Comenity violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax, TransUnion and Experian credit files.

46. Comenity failed to conduct a reasonable investigation of its reporting of the Account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax, TransUnion and Experian credit files within 30 days of receiving notice of the disputes from Equifax, TransUnion and Experian under 15 U.S.C. §1681i(a)(1).

47. Despite the blatantly obvious errors in Plaintiff's Equifax, TransUnion and Experian credit files, and Plaintiff's efforts to correct the errors, Comenity did not correct the errors or trade line to report accurately. Instead, Comenity wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

48. A reasonable investigation by Comenity would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax, TransUnion, and Experian credit files.

49. Had Comenity taken steps to investigate Plaintiff's valid disputes or Equifax's, TransUnion's and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

50. By deviating from the standards established by the debt collection industry and the FCRA, Comenity acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, TransUnion and Experian.

**WHEREFORE**, Plaintiff, PEGGY L. JOSSUND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Comenity to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

51. Plaintiff restate and realleges paragraphs 1 through 50 as though fully set forth herein.

52. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

53. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

54. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

55. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

56. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

57. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

58. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

59. Plaintiff provided Equifax with all relevant information in her request for investigation to reflect that she is no longer liable for the Account.

60. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by not only reporting the Account, but also reporting Plaintiff's Payment Status as "Bad debt & placed for collection & skip."

61. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it

9

furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

62. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

63. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Comenity. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Comenity regarding Plaintiff's dispute that Equifax received from Plaintiff.

64. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the Account.

65. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

66. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Comenity that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

67. Equifax knew that the inaccurate reporting of the Account in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

68. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

69. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more

third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

70. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

71. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

72. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

73. Equifax acted reprehensively and carelessly by reporting and re-reporting the Account after Plaintiff put Equifax on notice that the Account was to be deleted.

74. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

75. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, PEGGY L. JOSSUND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

76. Plaintiff restates and realleges paragraphs 1 through 75 as though fully set forth herein.

77. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

78. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

79. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

80. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

81. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

82. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

83. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

84. Plaintiff provided TransUnion with all relevant information in her request for investigation to reflect that she had no obligation on the Account and that the Account should be deleted.

85. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by not only reporting the Account, but also reporting the Payment Status as "Charged off as bad debt."

86. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

87. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

88. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Comenity. Upon information and belief, TransUnion also failed to include all relevant

information as part of the notice to Comenity regarding Plaintiff's dispute that TransUnion received from Plaintiff.

89. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the Account.

90. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

91. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Comenity that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

92. TransUnion knew that the inaccurate reporting of the Account would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

93. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

94. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

95. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

96. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

97. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

98. TransUnion acted reprehensively and carelessly by reporting and re-reporting the Account after Plaintiff put TransUnion on notice that the Account was to be deleted.

99. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

100. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff, PEGGY L. JOSSUND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

101. Plaintiff restate and realleges paragraphs 1 through 100 as though fully set forth herein.

102. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

103. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

104. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

105. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

106. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

107. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

108. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

109. Plaintiff provided Experian with all relevant information in her request for investigation to reflect that she had no obligation on the Account and that the Account should be deleted.

110. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by not only reporting the Account, but also reporting the Payment Status as "charge-off."

111. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

112. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

113. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Comenity. Upon information and belief, Experian also failed to include all relevant

17

information as part of the notice to Comenity regarding Plaintiff's dispute that Experian received from Plaintiff.

114. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the Account.

115. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

116. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Comenity that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

117. Experian knew that the inaccurate reporting of the Account would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

118. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

119. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

120. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

121. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

122. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

123. Experian acted reprehensively and carelessly by reporting and re-reporting the Account after Plaintiff put Experian on notice that the Account was to be deleted.

124. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

125. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, PEGGY L. JOSSUND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: December 31, 2019

Respectfully submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com